**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NANCY TOLLIVER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 18-CV-2181 ) ) |
| WAL-MART STORES INC. | ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant, Walmart Inc., formerly known as Wal-Mart Stores Inc., by and through its attorneys, DeFranco & Bradley, P.C., removes the above-captioned case to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. § 1446 upon the following grounds:

## VENUE

1. On November 17, 2017, plaintiffs filed a complaint in the Twentieth Judicial Circuit, St. Clair County, Illinois as case no. 17-L-684.

2. Venue lies in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in St. Clair County, Illinois which is within the Southern District of Illinois.

## DIVERSITY OF CITIZENSHIP

3. The District Courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Upon information and belief, plaintiff is now and was at the commencement of this action, a citizen of the State of Illinois.

6. Defendant Walmart Inc. is now and was at the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas.

7. Walmart is not now and was not at the commencement of this action, a citizen of the State of Illinois.

**AMOUNT IN CONTROVERSY**

8. This action involves a claim for personal injuries for plaintiff Nancy Tolliver. Plaintiff''s complaint requests judgment in excess of $50,000. (See Complaint and Supreme Court Rule 222 Affidavit).

9. Plaintiff alleges she sustained injuries to her right shoulder, back, right hand, and neck. She further alleges she was "made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, limbs, both internally and externally." (Complaint, Paragraph 9). She alleges that she expended money for medical care and will be required to expend money for medical care, treatment and services in the future. She alleges that she suffered disability, pain and suffering (both past and future) and that she has lost past wages and will suffer an impairment of future earning capacity as a result of the incident. (Complaint, Paragraph 9).

10. If a complaint does not establish the amount in controversy, then the party seeking removal must show by a preponderance of the evidence that the monetary threshold has been crossed. *Andrews v. E.I. Du Pont De Nemours & Co.,* 1447 F.3d 510, 515 (7th Cir. 2006).

11. The Seventh Circuit Court of Appeals in *Meridian Securities Ins. Co. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006) held that evidence may be presented from interrogatories,

contentions, and admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informed estimates, or by introducing affidavits from employers or experts about how much it may cost to satisfy plaintiff's demands.

12. The parties have engaged in written discovery. In response to an interrogatory as to what amount of damages plaintiff Nancy Tolliver is seeking in the lawsuit, plaintiff responded, "See Complaint." (Plaintiff's answers to interrogatories, Paragraph 14, attached as Exhibit A).

13. Plaintiff produced medical records and bills which revealed claimed medical bills of $20,746.12. She further alleges lost wages of $465.98. (Specials List, attached as Exhibit B).

14. On May 24, 2018, plaintiff demanded $101,400 to resolve her case. (Correspondence attached as Exhibit C). In her demand, she referenced medical records which indicate that future medical treatment, including injections, cervical disc replacements, and lumbar disc replacement surgery may be required in the future. (4/23/18 Note from Dr. Gornet, attached as Exhibit D).

15. Although settlement offers and settlement negotiations are not admissible to prove liability and are generally inadmissible under Federal Rules of Evidence 408, a court can examine settlement demands to indicate what the "stakes" are in the case for purposes of the amount in controversy. *See Meridian Securities Ins. Co. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006) and *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir. 2006). As explained in *Rising-Moore,* a plaintiff's willingness to settle for an amount with certainty, implies that the stakes at trial would exceed that settlement demand. *Id.* at 816.

16. It is clear from plaintiff's demand of $101,400, plaintiff believes her case is worth at least $101,400 (with certainty), and therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.     Based on the $20,746.12 in medical specials, plaintiff's prayer for relief of over $50,000, and plaintiff's recent demand of $101,400, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

18.     Defendant first received notice that the amount in controversy exceeded $75,000 when it received plaintiff's demand on May 24, 2018.

19.     This written notice of removal was filed within thirty days of receipt of the $101,400 demand which first established that the amount in controversy exceeded $75,000, pursuant to 28 U.S.C. § 1446(b).

20.     This written notice of removal was filed within one year after commencement of the action, pursuant to 28 U.S.C. § 1446(c).

## NOTICE REQUIREMENTS

21.     Written notice of the filing of this notice of removal was hereby given to all parties.

22.     A copy of this notice of removal was filed with the Twentieth Judicial Circuit, St. Clair County, Illinois, as required by 28 U.S.C. § 1446.

23.     A copy of the process and pleadings were filed contemporaneously with this notice of removal and in accordance with 28 U.S.C. § 1446(a).

**DEFENDANT DEMANDS TRIAL BY JURY**

DeFRANCO & BRADLEY, P.C.

By     s/Rebecca L. Van Court
Rebecca L. Van Court, #6290952
141 Market Place, Suite 104
Fairview Heights, IL 62208
(618) 628-2000
(618) 628-2007 Fax
ATTORNEYS FOR DEFENDANT
vancourt@defrancolaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NANCY TOLLIVER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 18-CV-1281 |
| WAL-MART STORES INC. | ) ) ) ) |
| Defendant. | ) |

### AFFIDAVIT

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF ST. CLAIR  )

    Rebecca L. Van Court, being duly sworn upon her oath, deposes and states that he is an attorney for defendant, Walmart Inc., formerly known as Wal-Mart Stores, Inc., herein, that she has read the foregoing Notice for Removal and believes it to be true, and that she makes this affidavit as an agent authorized to execute same on behalf of defendants.

_Rebecca Van Court_
REBECCA L. VAN COURT

SUBSCRIBED AND SWORN TO before me this __14__ day of __June__, 2018.

_____
Notary Public

"OFFICIAL SEAL"
MEGAN MUETH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 9, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| NANCY TOLLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18-CV-1281 |
| | ) | |
| WAL-MART STORES INC. | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

Rebecca L. Van Court, after being duly sworn upon his oath, deposes and states that she is an attorney for defendant, Walmart Inc., formerly known as Wal-Mart Stores Inc., in the above-entitled cause; that on the 15th of June, 2018, she sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 15th day of June, 2018, a copy of the Notice for Removal filed herein was also electronically filed with the Clerk of the Twentieth Judicial Circuit Court, St. Clair County Courthouse, Illinois.

_____
REBECCA L. VAN COURT

SUBSCRIBED AND SWORN TO before me this __14__ day of __June__, 2018.

_____
Notary Public

"OFFICIAL SEAL"
MEGAN MUETH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 9, 2021